## LEGUS BROWN v. STATE.

No. A-8124.   Oct. 24, 1931.
Rehearing Denied Nov. 6, 1931.
Application for Leave to File Second Petition
for Rehearing Denied Nov. 14, 1931.
(4 Pac. [2d] 129.)

Luther P. Lane and Howard S. Keagy, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of

Tulsa county of manslaughter in the first degree, and was sentenced to serve 99 years in the state penitentiary.

At the time charged, defendant engaged in a difficulty with one Alva Shanks, which took place at defendant's home, in the course of which he inflicted some fifteen knife wounds on the person of Shanks which completely disabled him. Two bystanders went a distance of some seven miles for a physician, and when they returned Shanks was dead with two axe wounds, one of which had severed the spinal cord near the head and which the physician testified would have produced instantaneous death. The evidence indicates that in the beginning of the difficulty Shanks was not free from fault. He was larger than defendant, but was not armed with any weapon. Up to the time the bystanders left for the physician the axe had not been used as a weapon, though defendant testified deceased attempted to use it. Both defendant and deceased had been drinking. The theory of the state is that the axe wounds were inflicted after the bystanders had left to go for the physician and after Shanks was wholly disabled, and that the homicide is murder. The defense is self-defense. The testimony for the state makes a case of vicious murder, and amply sustains the judgment. The jury did not agree on the punishment, and it was fixed by the court. The case was closely tried, and is well briefed.

The first contention is that the court erred in denying defendant's application for a continuance. The homicide was on August 24. On September 19 defendant filed an application for a continuance, setting out that his counsel would not have sufficient time to prepare for trial. This was overruled. The case was assigned for trial for September 29, and on that date no further application was made, and both the state and the defendant

announced ready. One accused of crime has the right to have the aid of counsel to defend him, and counsel are entitled to a reasonable time to prepare the case for trial. The record does not disclose how long prior to September 19 counsel for defendant had been employed, but presumably from soon after the commission of the homicide. Cases may arise in which the time intervening between the homicide and the trial in this case might be held too short, as in cases where unusual preparation would be necessary, as, for instance, in insanity or circumstantial cases, or where the witnesses are widely scattered or the facts prolix or involved. In the instant case the defense, as stated, is self-defense, the witnesses few, and all reside in or near Tulsa county. No further application for continuance having been made on September 29, there was no error in overruling the application.

Complaint is next made that the court erred in permitting the jury to take with them to the jury room the axe which had been introduced in evidence. During the course of the trial, and after the jury had retired and had been out some time, they returned into court and asked that certain portions of the testimony be read; at the conclusion, as they retired they asked and were permitted to take the axe. The record does not disclose whether counsel for defendant were present, but we will consider the contention as if an objection were made at the time. This is not a new question. Defendant argues that, since section 2729, Comp. Stat. 1921, authorizes the jury to take with them in their deliberations all papers which have been received in evidence in the case, it excludes the right to have exhibits other than papers. To set at rest any doubt that may exist as to the holding of this court upon this subject, we are clearly of the opinion that where the jury, in open court, requests permission to take with them to

the jury room for inspection during their deliberations articles other than papers introduced in evidence, the granting or refusal of such request is in the sound discretion of the trial court, and the burden is on defendant to show an abuse of discretion. Saunders v. State, 4 Okla. Cr. 264, 111 Pac. 965, Ann. Cas. 1912B, 766; Hopkins v. State, 9 Okla. Cr. 104, 130 Pac. 1101, Ann. Cas. 1915B, 736; White v. State, 20 Okla. Cr. 182, 201 Pac. 522; Williams v. State, 21 Okla. Cr. 161, 205 Pac. 772. The authority of the court to permit such inspection does not rest on section 2729, Comp. Stat. 1921, but is independent of such section. The substance of this section of the statute probably crept into the law to avoid the rule in the early English courts transported to this country, in substance that the jury might take only papers under seal or of record, and the purpose was to enlarge the rule to include "all" papers and not merely sealed or recorded papers. Viewed in that aspect, it did not apply to other exhibits. 2 Thompson on Trials, §§ 2574, 2595, 2596. Where there is an objection by defendant, the trial court should exercise his discretion with extreme caution. The inspection by the jury during their deliberations of the articles introduced is not a receiving of evidence out of court. The taking of the axe to the jury room was of no particular consequence. The trial court might properly have denied the jury's request, but we can perceive no prejudice in granting it. An axe is an implement with which, and its uses, all the members of the jury were no doubt familiar. There is no experiment they could have performed with it or any use made of it inconsistent with the evidence.

Lastly, the contention is made that the county attorney in the closing argument used language calculated to, and which did, inflame the passions of the jury. The

argument in full is incorporated in the case-made. From the context it is obvious that a part of the remarks complained of were in answer to the argument of defendant's counsel. The argument is spirited, and counsel has pressed his contention from the standpoint of the state, stressing the facts which he contends make the homicide a fiendish and brutal crime. While the language is strong, we are not prepared to say that it is prejudicial, for, despite the argument, the verdict is manslaughter without a fixing of the punishment by the jury. As this court has heretofore held in substance that the right of argument contemplates a liberal freedom of speech, and the range of discussion, illustration, and argumentation is wide, counsel have a right to discuss fully from their standpoint the evidence and the inferences and deductions arising from it. It is only when the argument is grossly improper and unwarranted upon some point which may have affected defendant's rights that a reversal can be based on improper argument. Carmichael v. State, 44 Okla. Cr. 160, 279 Pac. 515.

Upon a careful consideration of the entire record, we find no reason for a reversal nor for a modification of the punishment imposed.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.