Arlilian WATSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12597.

Criminal Court of Appeals of Oklahoma.

Sept. 3, 1958.

King & Wadlington, Ada, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

The plaintiff in error, Arlilian Watson, hereinafter referred to as the defendant, was charged by information in the County Court of Pontotoc County with the unlawful sale of intoxicating liquor. She was tried before a jury, found guilty and her punishment was assessed at 90 days in the county jail and to pay a fine of $100, and from said judgment and sentence the defendant appeals. Counsel recites numerous contentions of error, but devotes his argument and discussion to one proposition of error: That the penalty was excessive and unreasonable and not warranted by the evidence.

The record presents a brief and simple case. It reflects that Tollie Bogan, Agent

for the State Crime Bureau, went to the house of the defendant in the city of Ada and purchased from her one pint of wildcat whisky for which he paid her the sum of $2. The pint of whisky was taken from the place of purchase to the home of the county attorney, left for evidence to be used at the trial.

W. B. Ward, Jr., County Attorney, substantiated Agent Bogan's testimony as to delivery to him of the pint of wildcat whisky, which he stated was marked for identification and had been in his possession since the date of purchase by the Crime Bureau agent.

With the testimony of these two witnesses, the state rested. The defendant interposed a demurrer which was overruled, and then rested without presenting any testimony whatsoever. The jury found the defendant guilty and assessed the punishment as heretofore related.

A review of the record convinces your writer that the evidence was sufficient to prove the crime as charged. The defendant presented no evidence to refute the charges. Under the law of this state, the punishment prescribed for the unlawful sale of liquor ranges from a minimum fine of $50 to a maximum of $500 and by imprisonment for not less than 30 days, nor more than 6 months in the county jail. Tit. 37 O.S.A. § 1.

 Under the statute, the jury could have set the fine at five times as much and the imprisonment twice as long. Evidently they considered the evidence and reached a happy medium which does not appear unreasonable to the court. The record has been carefully examined and no justifiable grounds are found for reversal or modification.

The case is therefore affirmed.

BRETT, P. J., and POWELL, J., concur.