**Ivan Ellis PEARCE, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14784.**

Court of Criminal Appeals of Oklahoma.

July 2, 1969.

Rehearing Denied July 18, 1969.

Robert E. Walker, Judd Black, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in Error, Ivan Ellis Pearce, hereafter referred to as defendant, was charged by amended information in the District Court of Cleveland County with the crime of Robbery with firearms, after former conviction of a felony. On February 20, 1968, defendant's trial was conducted in a two-stage proceeding, and the jury's verdict was returned the same day. At the conclusion of the first stage of the trial for the charge of Armed Robbery, the jury returned a verdict of guilty. In the second stage of the trial the district attorney attempted to prove defendant's former conviction by introducing the "Certificate" of the Judge of Sedgwich County, Kansas, and the "Certificate" of the Court

Clerk for Sedgwich County, Kansas. On the basis of this proof, the jury returned a verdict of "guilty" to the charge of Robbery with Firearms, After Former Conviction of a Felony and sentenced defendant to serve thirty years in the State Penitentiary.

In his brief the Attorney General admits that the proof of defendant's former conviction was not sufficient to sustain the charge in the second-stage of the proceeding, but also states that such is not sufficient to reverse the case. Instead, the Attorney General states, defendant's sentence should be modified by this Court.

Defendant filed a reply brief, to the Attorney General's brief, in which he contends that the conviction should be reversed for the reason the second-stage proof was not sufficient; and setting forth further the theory that defendant's trial was prejudiced when in the second stage of the proceedings the judge went into a long dissertation in answering the jury's question, concerning how much time the defendant would serve in the penitentiary —if he received a 10, 30, 50, or 100 year sentence; defendant contends further that the faulty second stage of his trial violated his constitutional rights. While we readily admit that the second stage proof was not sufficient, and the trial judge was quite verbose in his answer to the jury, those complaints standing alone are not sufficient to reverse this conviction.

The evidence was sufficient to satisfy the jury that on January 2, 1967, at 9:45 P.M. the defendant entered "Little Jim's Grocery Store" in Moore, Oklahoma, and with a .22 caliber revolver took from Mr. Burke LeMay an amount of money between eighty and one hundred dollars. After the robbery Mr. LeMay described the defendant to the Police, who composed a composite picture of him, which resulted in defendant's arrest. Mr. LeMay identified the defendant in the courtroom, as being the one who robbed him. Defendant did not testify at his trial and the only witness he offered was his wife, who testified that the defendant was with her that night

taking care of the grandchildren. She also explained how the defendant's hand became scarred. The scarred hand was one identifying characteristic offered by Mr. LeMay to the Police.

Clearly, when a conflict of testimony is introduced, it becomes a question of fact for the jury to resolve. In this case that conflict was resolved by the jury, which was satisfied that defendant committed the crime. See: *Disheroon v. State*, Okl.Cr., 357 P.2d 236 (1960).

We are of the opinion that the first stage of defendant's trial was not prejudiced by what transpired in the second stage thereof. However, we further conclude that the matter of defendant's sentence in this case must be scrutinized, insofar as it was based upon the insufficient proof of the second stage proceeding.

Clearly the sentence of thirty years falls within the limits provided in 21 O.S.A. § 801, for the crime of Armed Robbery. However, under the facts of this particular case it would appear that the jury might have contemplated a sentence of only ten years, since that was the beginning point for their question to the trial judge, concerning punishment and time served. Such being a possibility, and allowing defendant the benefit of any doubt, the proper administration of justice dictates the defendant's judgment and sentence should be modified, as this Court is authorized to do under the provisions of 22 O.S. § 1066. See also: *Watson v. State*, Okl.Cr., 329 P.2d 865 (1958).

We are therefore of the opinion the judgment and sentence herein should be modified to provide for the conviction of the crime of Robbery with Firearms only, and the sentence should be modified from thirty (30) years to ten (10) years confinement in the State Penitentiary, and as modified the judgment and sentence is affirmed.

As modified, judgment and sentence affirmed.

BUSSEY and NIX, JJ., concur.