William Thomas WRIGHT, a/k/a Darrell Elmore, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–78–451.

Court of Criminal Appeals of Oklahoma.

Oct. 17, 1979.

Stanley D. Monroe, Public Defender, Tulsa County, for appellant.

Jan Eric Cartwright, Atty. Gen., Carol Elaine Alexander, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

The appellant, William Thomas Wright, also known as Darrell Elmore, was charged in Case No. CRF–77–1542, with the crime of Burglary in the Second Degree, in the District Court of Tulsa County. The jury returned a verdict of guilty and in the second stage of the trial found the appellant guilty of Burglary in the Second Degree, After Former Conviction of a Felony. Punishment was set at fifty–five (55) years' imprisonment.

The State's first witness, the alleged victim of the robbery, testified that he returned home at 11:00 p.m. on June 17, 1979, to find the appellant attempting to rob his home. He found numerous burglary tools in the possession of the appellant. Items of his personal property were either outside the house or rearranged inside the house.

## I

The appellant first alleges that the State committed reversible error when the District Attorney referred to the Pardon and Parole Board. At two crucial times, the District Attorney referred to pardons and the Pardon and Parole Board. During voir dire, the following exchange occurred:

"Q. And, likewise, do you understand that if the Court concurs in that sentence recommendation, that once an individual is pronounced sentence on, he leaves the confines of the judicial system and transfers to the executive branch of the government where certain officials have certain tasks to perform; do you understand that?

And during closing argument in the second stage:

"MR. TRUSTER: Ladies and Gentlemen, this document proves that the man seated behind me received the benefit of the doubt in a modification from ten to 21 years down to five to 21 years and, apparently, he hasn't learned from receiving that good reduction that the Kansas Court was so gracious in giving him after the Board recommended the same, and he is out doing the same thing.

". . . Forty–five years is my recommendation to you for certain particular reasons that I am not at liberty to discuss."

A review of the record leads us to conclude that these transparent references to parole were not cured by the admonitions of the judge. The potential for parole is an undesirable intrusion into the jury's deliberative process. *McKee v. State*, Okl.Cr., 576 P.2d 302 (1978). It is clear that this may have improperly influenced the jury to assess a greater punishment.

## II

In his second assignment of error, the appellant urges that the trial court com-

mitted error by admitting evidence of another crime, Carrying a Concealed Weapon, allegedly committed at the same time as the burglary. Generally speaking, evidence of other crimes is inadmissible because conviction must rest upon evidence that the accused is guilty of the crime for which he is being tried and not some other crime. Among the few specific exceptions to this prohibition is the use of another crime to show intent. *Atnip v. State*, Okl.Cr., 564 P.2d 660 (1977); *Galindo v. State*, Okl.Cr., 573 P.2d 1217 (1978).

In *Perkins v. State*, Okl.Cr., 514 P.2d 690 (1973), we held that evidence of a shooting was properly admitted in a burglary charge as tending to prove one of the essential elements of the burglary, that is, the intent to commit a crime. In the case at bar, the evidence of carrying a concealed weapon is indicative of the specific intent required in the crime of burglary.

██ In *Burks v. State*, Okl.Cr., 594 P.2d 771 (1979), this Court held that even other crimes admissible under a specified exception must display probative value sufficient to outweigh any prejudicial effect. See also *Stowe v. State*, Okl.Cr., 590 P.2d 679 (1979). Since the events transpired from the same transaction, and carrying a concealed weapon was an act, fact or circumstance arising from the commission of the burglary, its probative value outweighs any prejudicial effect on the appellant. Accordingly, we find this assignment of error to be without merit.

### III

Appellant's third assignment of error relates to the allegedly prejudicial remarks by the District Attorney during closing argument. Only one of these do we deem improper:

"And, yeah, you blew it. Maybe you should have fired the gun [at the appellant] and maybe we would be here on something different than a burglary case."

██ The right of argument to the jury contemplates a wide range of discussion, illustration, and argumentation. *Brown v. State*, 52 Okl.Cr. 307, 4 P.2d 129 (1931). In closing argument, reasonable inferences may be drawn. However, the comment on firing the gun is not a reasonable inference from the evidence and has no probative value.

### IV

We next consider the assignment of error in which the appellant contends that the District Attorney's references to his remaining silent at the close of both stages of the trial are reversible error. In the first alleged error, the District Attorney said that testimony was "unrefuted" and evidence was "uncontradicted," and in the second stage of trial the District Attorney acknowledged that the appellant's attorney had no evidence for his statement.

██ It is a long–standing rule in this Court as well as those across the United States that counsel for the State may not refer to a defendant's failure to testify at any time during the proceedings. *Shelton v. State*, 49 Okl.Cr. 430, 295 P. 240 (1931). However, we reaffirm our holding in *Gamble v. State*, Okl.Cr., 554 P.2d 23 (1976), where this Court promulgated again the rule of *Spears v. State*, 97 Okl.Cr. 249, 261 P.2d 464 (1953). The rule of *Spears* is that the fact that a defendant fails to offer any evidence does not prevent the prosecutor from discussing the evidence against him, stating that such evidence is uncontradicted. Such argument is not a violation of the statute forbidding comment on the fact that the defendant did not testify. In the case at bar, the phrases "unrefuted testimony" and "uncontradicted evidence" clearly fall within this rule. In the third instance complained of, that the appellant's counsel had no evidence for his statements, the District Attorney was again speaking to uncontradicted *evidence*. Accordingly, we find this assignment to be without merit.

### V

██ In his next assignment of error, the appellant contends that the evidence in the second stage was not only improperly ad-

mitted but also insufficient to sustain a finding of after former conviction of a felony. In *Haughey v. State*, Okl.Cr., 447 P.2d 1019 (1969), this Court held that in proof of former conviction the similarity in name is prima facie evidence of identity of person, and, in absence of rebutting testimony, is an issue for the jury. In the case at bar, the State produced certificates from the trial judge and clerk, the journal entry of judgment, and the appearance docket to prove after former conviction of a felony. The appellant cites *Pearce v. State*, Okl.Cr., 456 P.2d 630 (1969), as authority of alleged error. However, we can easily distinguish *Pearce* from the case at bar. In *Pearce* we held that a certification by judge and clerk *alone* was insufficient to prove an after former conviction of a felony charge. In the instant case, the essential elements of representation by counsel, number of years served, and no appeal of the judgment are all present.

The appearance docket was properly admitted and was relevant to show that judgment was final and not appealed and that the appellant was represented by counsel at the earlier proceedings. *Clonce v. State*, Okl.Cr., 588 P.2d 584 (1978). However, the information in the appearance docket included references to the appellant's incarceration during the trial of his former conviction. This incarceration would indicate to the jury that the appellant had had at least two previous convictions. In both *Louder v. State*, Okl.Cr., 568 P.2d 344 (1977), and *Clonce v. State*, supra, this Court held that such extraneous information was not prejudicial. However, those juries recommended a lesser sentence than was suggested by the District Attorney. In the instant case, the District Attorney suggested 45 years, but the jury returned a sentence of 55 years. Because of the potentially prejudicial effect of this extraneous information and because the jury did in fact set the sentence in excess of the State's recommendation, we find error.

## VI

The appellant contends, in his final assignment of error, that the punishment is excessive. Standing alone it is not. We have consistently held that we will not modify a sentence unless we can conscientiously say that, under all the facts and circumstances, the sentence is so excessive as to shock the conscience of this Court. *Hill v. State*, Okl.Cr., 550 P.2d 1356 (1976). Suffice it to say that, considering the evidence of the appellant's guilt, coupled with his past two decades of involvement with the police, the sentence imposed was not excessive.

In conclusion, we would modify this sentence, in light of the errors discussed, from fifty-five (55) years to forty (40) years, and as so *MODIFIED* the judgment and sentence is *AFFIRMED*.

CORNISH, P. J., concurs.

BUSSEY, J., concurs in results.