John BYERS *v.* STATE of Arkansas

CA CR 79-103                594 S.W. 2d 252

Opinion delivered January 23, 1980
Rehearing denied February 27, 1980
Released for publication February 27, 1980

*William H. Craig,* for appellant.

*Steve Clark,* Atty. Gen., by: *Robert J. De Gostin, Jr.,* Asst. Atty. Gen., for appellee.

JAMES H. PILKINTON, Judge. In the early morning hours of January 4, 1977, Detectives Hardester and Moomey of the Little Rock Police Department vice squad arrested appellant and transported him to the Little Rock Police Department Detention Center. While conducting a "strip search" of appellant, the detectives found three foil packets which were seized and stored.

Officer Moomey ran a field test on one of the packets and the test result was positive for cocaine. Moomey, without opening all the packets, assumed the others also contained cocaine. He turned all three packets over to Officer Sylvester of the Narcotics Division, telling him that they were three packets of cocaine. Sylvester opened one of the packets, observed a white powdery substance, and assuming that all three packets contained cocaine, logged them in and stored them in the narcotic safe. Appellant had been jailed on a charge of possession of cocaine with intent to deliver.

The three packets were subsequently taken to the crime lab of the State Health Department for analysis. Michael S. Keller, a chemist there, tested the substances in the three foil packets, and found that two of them contained white powder which tested positive for cocaine. The third packet, which was smaller, contained a brown powder and tested positively for heroin.

When the lab report was received on or about February 2, 1977, appellant was arrested and charged with possession of heroin. The cocaine charges were not pursued.

On trial for the heroin charge, appellant admitted that he knowingly possessed the two packets of cocaine, but denied having the heroin in question.

The trial court denied appellant's motion to suppress introduction of the brown powder, and it was admitted into evidence. A jury found the appellant guilty of possession of heroin, and fixed his punishment at two years imprisonment. Judgment was entered on the verdict, and appellant has appealed.

Appellant first argues that the trial court erred in denying his motion to suppress the brown powder, found to be heroin, and in admitting into evidence the foil packet containing the brown substance.

The record shows that Officer Moomey seized three tin foil packets from appellant. Moomey field tested one of the packets and that showed a positive reaction for cocaine. At least one of the remaining packets was never opened by Moomey. Based on his field test of the one packet, the initial arrest report was filled out to the effect that "three (3) tin-foil packets of a white powdery substance believed to be cocaine" were seized from appellant. One of the packets subsequently turned out to contain brown powder which was heroin. Appellant claims he and his attorney were led to believe, from the information provided through discovery, that the officers had seized only white powder from appellant's person; and that, according to the officers' own reports, it had been tested and found to be cocaine. In response to appellant's motion for discovery, the state provided copies of all documents it had including the chemist's report. This report clearly indicated that only two packets contained white powder (cocaine), and the third contained brown powder found to be heroin. It seems inconceivable that appellant or his counsel could have been misled in any way because they were furnished with a copy of the lab report. Here the officers seized the heroin in question, but it was not identified as heroin until a chemical analysis was run on the substance at the lab by a chemist. Appellant has offered no authority for the proposition that officers must correctly identify drugs at the time they are seized. Certainly officers are not prevented from lodging a controlled substance offense if they are mistaken in their initial identification of the substance. Officers on the street are not required to be expert chemists. Here the issue of whether the brown powder packet should have been admitted depends upon the credibility of the witnesses. In such circumstances, we defer to the superior position of the trial court. *Whitmore* v. *State,* 263 Ark. 419, 565 S.W. 2d 133 (1978). The appellant cites *Williamson* v. *State,* 263 Ark. 401, 565 S.W. 2d 415 (1978), but that case is not in point and is clearly distinguishable from the one before us. Here all the materials and documents

in the state's possession, including the lab report, were provided to the appellant far in advance of trial. We hold that the trial court properly denied appellant's motion to suppress.

## II.

Appellant also argues in his brief that the trial court erred in denying his motion for a directed verdict of acquittal. This point, appellant concedes, is directly related to Point I in that the motion for a directed verdict was premised upon the suppression of the brown powder. Once the packet containing the brown powder is suppressed, appellant says, there is no substantial evidence upon which to sustain a conviction. Since we have held that the trial court properly admitted the evidence in question, no further discussion of Point II need be made.

## III.

Appellant finally argues that the trial court erred in instructing the jury on presumption of innocence, reasonable doubt, and circumstantial evidence, and in refusing appellant's offered instructions on these subjects.

Appellant's abstract of the instruction proffered, and of the instructions given of which he complains, do not comply with the requirements of Rule 9(d) of the Rules of the Supreme Court and Court of Appeals. Here only excerpts from certain instructions or proposed instructions are included in the briefs filed. We are at a disadvantage in attempting to follow the argument made by appellant in Point III. However, based upon the information before us, it appears that the trial court properly instructed the jury on the law relative to the charge. Where the subject matter of a requested instruction has been sufficiently covered by the instruction given, there is no error in the court's refusal to give the requested instruction. *Cobb* v. *State*, 265 Ark. 527, 579 S.W. 2d 612 (1979).

A trial court is not required to instruct the jury on the law in every possible manner even though a correct statement of it may be prepared by the defense counsel. *Butler* v. *State*, 261 Ark. 369, 549 S.W. 2d 65 (1977). The best we can tell from the abstract before us, the instructions in question

given by the court differed somewhat from the wording of the instructions offered by appellant. But, be that as it may, the instructions used by the court were proper statements of the law. Instructions which are cumulative are not necessary.

Affirmed.