Edward ADDINGTON *v.* STATE of Arkansas

CA CR 81-36                                    616 S.W. 2d 742

Court of Appeals of Arkansas
Opinion delivered May 27, 1981
[Rehearing denied July 1, 1981.]

*James A. McLarty*, for appellant.

*Steve Clark*, Atty. Gen., by: *Leslie M. Powell*, Asst. Atty. Gen., for appellee.

JAMES R. COOPER, Judge. The appellant in this case was convicted of theft of property in violation of Ark. Stat. Ann. § 41-2203 (Repl. 1977 and Supp. 1979), and was sentenced to 20 years in the Arkansas Department of Corrections as an habitual offender. The appellant urges as grounds for reversal that the Court was in error in refusing to suppress a statement made by appellant in that he did not make a knowing and intelligent waiver of his right to counsel. Appellant also urges that the Court erred in refusing to give a requested instruction.

I.

THE COURT ERRED IN DENYING DEFEND-ANT'S (APPELLANT'S) MOTION TO SUPPRESS A STATEMENT TAKEN BY CAPTAIN GARY WIL-SON IN THAT HE DID NOT MAKE A KNOWING AND INTELLIGENT WAIVER OF HIS RIGHT TO COUNSEL.

The appellant was arrested on August 1, 1980, and was found to be in the possession of a stolen vehicle. He was later charged with theft of property and it was further alleged that

he was subject to an extended term of imprisonment as an habitual offender under Ark. Stat. Ann. § 41-1001 (Repl. 1977). On August 5, 1980, the appellant gave a statement to Captain Gary Wilson of the Newport Police Department. In that statement he confessed to the crime with which he was charged and gave a detailed account of prior felony convictions going back to 1949. The record reflects that upon his arrest appellant was given his *Miranda* rights and he gave a confession to the officer who arrested him. The record also reflects that Captain Wilson advised him of his *Miranda* rights twice. The trial court denied a motion to suppress the statement given to Captain Wilson. The State did not use the statement given to Captain Wilson during its case in chief on guilt, but following a verdict of guilty by the jury the State used the testimony of Captain Wilson to prove the prior felony convictions.

Ark. Stat. Ann. § 41-1003 (Repl. 1977) provides as follows:

> *Proof of previous conviction.* — A previous conviction or finding of guilt of a felony may be proved by any evidence that satisfies the trier of fact beyond a reasonable doubt that the defendant was convicted or found guilty. The following are sufficient to support a finding of a prior conviction or finding of guilt:
>
> (1) a duly certified copy of the record of a previous conviction or finding of guilt by a court of record; or
> (2) a certificate of the warden or other chief officer of a penal institution of this state or of another jurisdiction, containing the name and fingerprints of the defendant, as they appear in the records of his office; or
> (3) a certificate of the chief custodian of the records of the United States Department of Justice, containing the name and fingerprints of the defendant as they appear in the records of his office.

Under the statute cited above the State had several options as to the method it used to prove the prior convictions. Appellant does not complain that the State

used an incorrect method, but complains that the circumstances required a conclusion that he could not have made a knowing or intelligent waiver of his right to counsel. It is clear that our law presumes that a statement made while in custody is involuntary and the burden is upon the State to show otherwise. *Harvey* v. *State*, 272 Ark. 19, 611 S.W. 2d 762 (1981); *Earl* v. *State*, 272 Ark. 5, 612 S.W. 2d 98 (1981); *Bucy* v. *State*, 271 Ark. 768, 610 S.W. 2d 576 (1981). When we review the voluntariness of a confession, we must make an independent determination based on:

> ... the totality of the circumstances, with all doubts resolved in favor of individual rights and safeguards, and will not reverse the trial court's holding unless it is clearly erroneous. *Harvey*, supra.

Essentially, appellant argues that because Captain Wilson knew, or should have known, that appellant was to be taken before the Municipal Judge for his first appearance within a few hours and that at that time the question of appointed counsel would arise, the statement should not have been taken. Appellant argues that because of this knowledge on the part of the police and the lack of knowledge on the part of the appellant, he could not have knowingly and intelligently waived his right to counsel.

The appellant states that it is clear that he needed an attorney at the time Captain Wilson interviewed him, but that is not a basis for reversal. It may be argued that any defendant who waives his right to counsel should not have done so and that he would have been better off had he had the services of a qualified attorney. There is no allegation raised by appellant that he was mistreated in any way, or that the length of time he had been incarcerated had anything to do with the voluntariness of his statement.

Having examined the circumstances and allegations raised we are unable to say that the finding by the trial court that the statement was voluntary is clearly against the preponderance of the evidence.

Appellant cites *Sutton* v. *State*, 262 Ark. 492, 559 S.W. 2d

16 (1977), as being practically on all fours. However, in *Sutton*, the indigent defendant gave a statement following his appearance at a preliminary hearing, but prior to the time when counsel was appointed for him. The Supreme Court in that case held that the record was insufficient to establish the fact that following his appearance at a preliminary hearing he had knowingly and intelligently waived his right to counsel. That case is clearly distinguishable from the situation here. However, we find that the case must be reversed and remanded on another related issue.

The Arkansas Supreme Court has held that where the proof of prior convictions does not indicate that the defendant was represented by counsel at the time of his prior convictions acceptance of such evidence is error. *McCroskey* v. *State*, 272 Ark. 356, 614 S.W. 2d 660 (1981).

In *Klimas* v. *State*, 259 Ark. 301, 534 S.W. 2d 202 (1976), the Arkansas Supreme Court stated:

> It seems clear to us that when evidence, in whatever form, of a prior conviction is offered which is silent as to representation of the defendant by counsel or his waiver of the right of assistance of counsel, the state must first lay a foundation for its admission by evidence tending to show that defendant was, in fact, represented by counsel or that he did knowingly and intelligently waive his right to the assistance of counsel.

The State offered no evidence as to whether or not appellant had been represented by counsel on any of his seven prior felony convictions. The only evidence found in the record on this point is found in the testimony of appellant in which he indicated that on a manslaughter conviction his attorney and the prosecutor had worked out a plea agreement.

In *Duke* v. *State*, 266 Ark. 697, 587 S.W. 2d 570 (1979), the Supreme Court of Arkansas indicated that where the question as to whether or not appellant was represented by

counsel on prior convictions was not raised in the trial court, the appellate court would not consider such an objection for the first time on appeal. In *Wicks* v. *State*, 270 Ark. 781, 606 S.W. 2d 366 (1980), the Court emphasized that Arkansas does not have a "plain error" rule as is found under federal law, but pointed out that a possible exception to the Arkansas rule could be found in the Uniform Rules of Evidence, Rule 103 (d):

> Nothing in this rule precludes taking notice of errors affecting substantial rights although they were not brought to the attention of the court. Ark. Stat. Ann. § 28-1001 (Repl. 1979).

It is clear a substantial right of appellant was involved here and that the admission into evidence of a prior criminal conviction which was constitutionally infirm under the standards of *Gideon* v. *Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799, 93 A.L.R. 2d 733 (1963) is inherently prejudicial. *Burgett* v. *Texas*, 389 U.S. 109, 88 S. Ct. 258, 19 L. Ed. 2d 319 (1967).

The judgment is reversed and the cause remanded for a new trial unless the prosecutor elects first to assume the burden of proving at a hearing that Addington was in fact represented by counsel in the earlier cases. Should that burden not be met, a new trial will be necessary.

II.
## THE COURT ERRED IN REFUSING TO GIVE DEFENDANT'S (APPELLANT'S) REQUESTED INSTRUCTION NO. 1. (AMCI 4002)

Although we have reversed and remanded the case on another point in the event there is a new trial we feel it would be helpful to deal with the second point raised by appellant.

The instruction requested by appellant reads as follows:

The State must also prove beyond a reasonable doubt

that defendant knowingly engaged in prohibited conduct. (AMCI 4002).

### Definition

"Knowingly" — A person acts knowingly with respect to his conduct or the attendant circumstances when he is aware that his conduct is of that nature or that such circumstances exist. A person acts knowingly with respect to a result of his conduct when he is aware that it is practically certain that his conduct will cause such a result. (AMCI 4002)

The instruction given by the Court is as follows:

Edward Addington is charged with the offense of theft of property. To sustain this charge, the State must prove beyond a reasonable doubt that Edward Addington knowingly took the property of another person with the purpose of depriving the owner thereof.

"Purpose". A person acts with purpose with respect to the results of his conduct when it is his conscious object to cause the results.

"Knowingly". A person acts knowingly with respect to his conduct when he is aware the conduct is of that nature.

Appellant does not argue that the instruction actually given by the Court is an incorrect statement of the law. Appellant does argue that there is more than one definition of "knowingly" contained in the various model instructions in use in Arkansas and that the instruction found in AMCI 4002 should have been used. Appellant correctly points out that the definition of "knowingly" under AMCI 2203 and AMCI 4002 are not the same. Further the appellant correctly points out that the State concedes that the requested instruction could have been given. We do not find error in the refusal of the trial court to instruct as requested by appellant.

In *Byers* v. *State*, 267 Ark. 1097, 594 S.W. 2d 252 (Ark. App. 1980), the Arkansas Court of Appeals stated:

> ... Where the subject matter of a requested instruction has been sufficiently covered by the instruction given, there is no error in the court's refusal to give the requested instruction. *Cobb* v. *State*, 265 Ark. 527, 579 S.W.2d 612 (1979).

> A trial court is not required to instruct the jury on the law in every possible manner even though a correct statement of it may be prepared by the defense counsel. *Butler* v. *State*, 261 Ark. 369, 549 S.W. 2d 65 (1977).

> ... Instructions which are cumulative are not necessary.

In this case we do not find any incorrect statement of the law in the instruction given by the Court, and find no error in the Court's refusal to instruct as requested. The additional instruction as to the definition of the word "knowingly" would have been cumulative and probably would have served to confuse the jury rather than to provide additional information to it.

Reversed and remanded.