Ernie Lee HOLMES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–82–365.

Court of Criminal Appeals of Oklahoma.

June 2, 1983.

Patti Palmer, Deputy Appellate Public Defender, for appellant.

Jan Eric Cartwright, Atty. Gen., Lynn Rambo-Jones, Asst. Atty. Gen., for appellee.

## OPINION

CORNISH, Judge:

Ernie Lee Holmes was charged with two counts of Perjury After Former Conviction of Two Felonies. Title 21 O.S.1981, §§ 51(B) and 491. He was bound over for trial on only one of the counts. A jury convicted him of perjury "after former conviction of a felony, but not after former conviction of two felonies". He was sentenced to 20 years' imprisonment.

On appeal, he asserts the State failed to show that the alleged perjured statements were made under oath. However, the transcript of the alleged perjured testimony reveals the following statement by appellant on examination by his counsel:

Q: And you do understand that you're under oath today?

A: Yes, I do.

The transcript was admitted in the instant proceeding without objection, and was properly received as evidence of the truth of the matter asserted. 12 O.S.1981, § 2801(4)(b)(1). Appellant's first proposition of error is without merit.

Appellant next contends that the trial court erroneously admitted evidence of the verdict rendered in the proceeding in which the alleged perjured testimony was given. Appellant filed a motion in limine to bar admission of this evidence, but failed to interpose an objection at trial. Thus, this contention is not properly before this Court. Teegarden v. State, 563 P.2d 660 (Okl.Cr.1977).

The alleged perjured testimony was given by appellant while on trial for a felony. As his third proposition of error, he contends that he was not properly charged under the Habitual Offender Act since proof of his guilt for the prior felony was essential to the perjury charge under the facts of this case. However, he concedes that the offense of perjury, as set out in the statute, does not presuppose a prior felony conviction. Where a former felony conviction is not implicit in the charge as set out in the statute, the Habitual Offender provisions may be invoked. See, Goodson v. State, 564 P.2d 260 (Okl.Cr.1977). This proposition of error is without merit.

Appellant's final proposition of error is that the State used an invalid prior conviction to enhance punishment. The prosecution submitted proof of two prior felony convictions, one of which stands unchallenged on appeal. However, the second conviction was proved by means of a judgment and sentence instrument clearly stating on its face that the appellant appeared "w/o counsel". There is nothing in the record before us to establish a valid waiver of counsel in that case. Tucker v. State, 499 P.2d 458 (Okl.Cr.1972); Graham v. State, 462 P.2d 309 (Okl.Cr.1969). This evidence was clearly inadmissible. Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); Baeza v. State, 478 P.2d 903 (Okl.Cr.1970). Its admission was plain error affecting appellant's substantial rights, and was not waived by appellant's failure to object to its admission. See, 12 O.S.1981, § 2104(D) and Addington v. State, 2 Ark. App. 7, 616 S.W.2d 742 (1981). See also, Halbower v. State, 96 Nev. 210, 606 P.2d 536 (1980).

The situation is this: two prior convictions were proven at trial, one valid and the other facially invalid. The jury found on only one of the alleged prior convictions during the second stage of trial. Although there is some evidence that only the invalid conviction was seriously challenged by appellant before the jury, we are unable to say beyond a reasonble doubt that the invalid conviction did not form the basis for the verdict. See, Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The range of punishment for unenhanced perjury is not less than 2 nor more than 20 years in prison. 21 O.S.1981, § 500 (First). Exercising our authority under 22 O.S.1981, § 1066, Pearce v. State, 456 P.2d 630 (Okl. Cr.1969), and based upon a thorough review of the record, we find that the sentence should be modified from 20 years to 10 years, the minimum punishment provided with one prior conviction. As so modified, the judgment and sentence is AFFIRMED.

BRETT, J., concurs.

BUSSEY, P.J., concurs in results.