**Glenn Robin COONCE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–84–565.**

Court of Criminal Appeals of Oklahoma.

July 2, 1985.

As Corrected July 8, 1985.

David W. Carter, Lawton, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Appellant was arrested on January 25, 1983, for delivering marijuana to an undercover Lawton police officer.

Subsequently, the Lawton Police Department made an arrangement with appellant, whereby he was to act as an informant.

In March, 1983, charges were filed against appellant for Distribution of Mari-

juana, After Former Conviction of Two Felonies because he had failed to complete his part of the agreement with the Lawton Police Department.

On January 26, 1984, appellant's trial was conducted in a two-stage proceeding. At the conclusion of the first stage, the jury returned a verdict of guilty for the charge of Distribution of Marijuana. In the second stage of the trial, the State attempted to prove appellant's former convictions by introducing two orders from the Circuit Court of the Tenth Judicial Circuit of Illinois, Peoria County. The orders set forth the fact that appellant pled guilty to two felony charges, and enumerated the sentence imposed for each charge. Additionally, they were signed by the trial court judge and sealed by the court clerk. On the basis of this proof, the jury returned a verdict of guilty of Distribution of Marijuana, After Former Conviction of Two Felonies, and sentenced appellant to eight and one-half years' imprisonment.

Appellant's sole assignment of error is that the certified copies of prior convictions, which the State relied upon and the trial court allowed to be introduced into evidence, were contra to the law of this State and so prejudiced the rights of the appellant as to have shifted the burden of proof.

In support of this proposition, appellant relies upon *Pearce v. State,* 456 P.2d 630 (Okl.Cr.1969), which held that a certification of former felony convictions by the judge and clerk alone was insufficient to prove an after former conviction of a felony charge.

The State, on the other hand, relies upon *Mack v. State,* 641 P.2d 1122 (Okl.Cr.1982), which states that certified copies of the judgment and sentence are sufficient evidence to prove former convictions. The State asserts that the orders of the Illinois Court are the substantive equivalent of a judgment and sentence. We disagree.

■■■ The orders from the Illinois Court are insufficient proof to justify a conviction for After Former Conviction of Two Felonies. The purpose of proper certification is to insure that in the prior proceeding the accused was represented by counsel, the number of years sentenced was recorded, and no appeal of the judgment was taken. *Wright v. State,* 617 P.2d 1354, 1357 (Okl. Cr.1979). The orders in this case do not state whether an appeal was taken by appellant from his pleas of guilty. The orders are simply a recitation of appellant's voluntary pleas of guilty and the sentences imposed. Even though the orders are signed by the trial judge and sealed by the court clerk, their failure to meet the standards set forth in *Mack,* supra, and *Wright,* supra, is fatal.

■■■ We are of the opinion that the first stage of appellant's trial was not prejudiced by what transpired in the second stage. However, the sentence imposed by the jury must be scrutinized in that it was affected by the insufficient proof in the second stage of the proceeding. The proper administration of justice dictates that appellant's judgment and sentence should be modified as this Court is authorized to do under the provisions of 22 O.S.1981, § 1066.

■■■ Therefore, we find that the judgment and sentence herein should be modified to provide for the conviction of Distribution of Marijuana only, and pursuant to 63 O.S.1981, § 2–401(B), the sentence should be modified from eight and one-half (8½) years to five (5) years confinement in the State Penitentiary, and as modified the judgment and sentence is affirmed.

As MODIFIED, judgment and sentence is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.