**Melvin Leroy COLEMAN, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–745.**

Court of Criminal Appeals of Oklahoma.

Aug. 9, 1988.

Elaine Meek, Asst. Public Defender, Lee Ann Jones Peters, Chief of Appellate Div. on Rehearing, Oklahoma County Public Defender's Office, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Joseph Luis Ruffin, Legal Intern, for appellee.

## OPINION ON REHEARING

BRETT, Presiding Judge:

Appellant, Melvin Leroy Coleman, was convicted in Oklahoma County District Court Case No. CRF–84–563, for the offense of Unauthorized Use of a Motor Vehicle, After Former Conviction of Two or More Felonies. The jury assessed punishment at thirty (30) years' imprisonment. The trial court reduced the sentence to twenty-five (25) years. Appellant was represented by counsel.

On January 29, 1984, appellant was apprehended while driving a 1984 brown Century Buick stolen from the Gandara Buick new car lot. After he ran a stop sign and almost struck a police car which pursued him, appellant drove away from the police car. He suddenly stopped and ran on foot. Officer Robert Franz pursued him on foot and found him hiding under an automobile. He was arrested and taken to the police unit. He refused to talk to the officers unless they would take him by his home first. The officers took him by his home and he proceeded to relate his story. He asserted that he was attempting to flee from one, Felix Scott. He related that he left Scott at the French Market Mall, climbed the chain-link fence at the Gandara Buick lot and proceeded to use another

automobile to clear a path and knock down the fence. He entered the brown Buick Century and left the lot. In the conversation, he also related that he had the keys to the vehicles in his pocket prior to climbing the fence.

His only assignment of error asserts that the trial court committed fundamental and reversible error when it failed to give an instruction on appellant's theory of defense of duress. We do not agree.

■ Appellant failed to offer evidence sufficient to raise the defense of duress, under the existing law. In *Foster v. State*, 657 P.2d 166 (Okl.Cr.1983), this Court held:

Instructions on a theory of defense need not be given when the evidence presented at trial does not support that theory.

Likewise, jury instructions are left to the sound discretion of the trial court. *Tate v. State*, 664 P.2d 1036, 1039 (Okl.Cr.1983). In *Shannon v. United States*, 76 F.2d 490 (10th Cir.1935), the Court of Appeals held:

Coercion which will excuse the omission of a criminal act must be immediate and of such nature as to induce a well-grounded apprehension of death or serious bodily injury if the act is not done. One who has full opportunity to avoid the act without danger of that kind cannot invoke the doctrine of coercion and is not entitled to an instruction submitting that question to the jury.

■ After reviewing the record before this Court, we find that appellant had several alternatives available to avoid Felix Scott, short of stealing the vehicle and driving it away. The fact that he caused considerable property damage to the new car lot also indicates a different intent on the part of the appellant. Vague threats, asserted by appellant alone, are not sufficient to raise the defense of duress.

The United States Supreme Court stated in *United States v. Bailey*, 444 U.S. 394, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980):

Under any definition of [duress] ... one principle remains constant: If there was a reasonable, legal alternative to violating the law, a chance both to refuse to do the criminal act and also to avoid the threatened harm, the defense will fail.

The facts of this case reveal that reasonable alternatives to violating the law existed for appellant. It was not error for the trial court to refuse appellant's requested instruction.

This Court in a prior published opinion in this case raised an issue sua sponte which was the lack of authority by the trial court to modify the jury verdict, a thirty year sentence, to twenty-five years. We found in our original opinion that the trial court in this case was prohibited from assessing any punishment other than the one assessed by the jury and we therefore directed the case be remanded for the trial court to reimpose the thirty year sentence. In appellant's petition for rehearing, he complains that this Court increased his sentence by five years without the opportunity to be heard and without addressing the error that prompted the trial court to try and readdress the complained of error. We find that both arguments are well taken and that appellant was denied his right to address this issue on appeal. The original opinion has been withdrawn from publication.

■ The problem stems form the provision in 21 O.S.1981, § 51 (B) that limits the use of multiple convictions on enhancement when they arose out of one crime episode. In this case, appellant put on unrefuted proof that two of his five prior convictions fell under this limitation. There is a presumption, although a very tenuous one, that the proof of five prior convictions may have had an adverse effect on the jury in arguing thirty years as an appropriate sentence. The trial judge acknowledged this error and in an effort to give credit for any damage, however slight, that may have been done, the error not being grave enough to warrant a new trial, simply and arbitrarily cut five years off the jury sentence. That was an error, but we also agree it does not necessitate a new trial. The solution the trial court administered was not valid. Unlike the trial court, this Court has the authority to correct errors of this type and size by modification. 22 O.S.

1981, § 1066. We therefore modify appellant's sentence to 20 years, which is the minimum sentence he could have received under the best of circumstances. *See Holmes v. State,* 664 P.2d 1063 (Okl.Cr. 1983).

PARKS, J., concurs.

BUSSEY, J., concurs to affirmance, dissents to modification.