Gilbert SHOCKLEY *v.* STATE of Arkansas

CR  83-149                                    668 S.W.2d 22

Supreme Court of Arkansas
Opinion delivered April 30, 1984

*John W. Achor,* and *Jeff Rosenzweig,* for appellant.

*Steve Clark,* Atty. Gen., by: *Velda West Vanderbilt,* Asst. Atty. Gen., for appellee.

RICHARD B. ADKISSON, Chief Justice. Appellant, Gilbert Shockley, was convicted of rape, aggravated robbery, burglary, and theft of property and was sentenced as an habitual offender pursuant to the provisions of Ark. Stat. Ann. § 41-1005 (Supp. 1983) to two terms of life imprisonment, 30 years, and 20 years respectively. The Pulaski County Circuit Court ordered the sentences to be served consecutively. On appeal appellant argues (1) the unconstitutionality of Ark. Stat. Ann. § 41-1005 (Supp. 1983) and (2) error by the trial court in its admission of rebuttal testimony alleged to be unreliable and prejudicial. We affirm.

On December 30, 1982, around 7:30 p.m., appellant entered the victim's home, approached her with a gun, took her jewelry, and raped her twice "holding the gun over her head." The victim identified appellant in a police line up, identified his voice, and recognized an earring he was wearing as one that had been taken from her.

Appellant first argues that the habitual offender statute, Ark. Stat. Ann. § 41-1005 (Supp. 1983), is unconstitutional because it allows the trial court to instruct the jury as to the number of previous convictions. It is argued that this procedure violates Ark. Const. art. 7, § 23, which states that "Judges shall not instruct juries on matters of fact, but shall declare the law." The State proved appellant had at least two prior convictions: one on July 12, 1983, for robbery and the second on September 8, 1977, for burglary and for battery. It was not error for the trial court to instruct the jury on the number of prior felony convictions of the defendant because this is a matter of law and not a question of fact. However, the trial court erroneously instructed the jury that appellant had three prior convictions because the Court apparently overlooked Ark. Stat. Ann. § 41-1001 (Supp. 1983) which provides that a burglary and its object are to be considered one felony. But, appellant failed to object to this jury instruction or to proffer one of his own. His failure to do so precludes consideration of this issue on appeal. *Orisini* v. *State*, 281 Ark. 348, 665 S.W.2d 245 (1984); *Osborne* v. *State*, 278 Ark. 45, 643 S.W. 2d 251 (1982); ARCiv.P. Rule 51.

Appellant further contends that the trial court erred in the admission of rebuttal testimony offered by the State. Appellant offered an alibi witness who testified that appellant came to her house and remained there from noon on December 30 until 12:30 the next day. On rebuttal the State called the night auditor of the Markham Inn to contradict the testimony of the alibi witnesses. The night auditor testified that appellant had checked in the Markham Inn the night of December 30 and that he had made a list of persons who had checked in that night. This was proper rebuttal testimony and there was no error. We conclude the trial court did not abuse its discretion in the admission of rebuttal testimony to impeach the testimony of the alibi witness regarding appellant's whereabouts on the night of the crime.

The dissent contends that the State's use of its peremptory challenges resulted in the systematic exclusion of blacks from the jury. Appellant failed to argue this issue on appeal. Failure to raise an issue on appeal precludes our consideration of the issue.

Affirmed.

DUDLEY, J., not participating.

HICKMAN, J., concurs.

PURTLE and HOLLINGSWORTH, JJ., dissent.

DARRELL HICKMAN, Justice, concurring. The reason it is not a violation of the Arkansas Constitution to instruct the jury on prior convictions is because the constitutional function of a jury is only to determine the guilt or innocence of a defendant. See *Froman* v. *State*, 232 Ark. 697, 339 S.W.2d 601 (1960). At the time the constitution was adopted and at common law, the judge, not the jury, heard all evidence regarding the sentence and set the punishment. So any "fact" to be found by a jury during sentencing is not one contemplated by Art. 7 § 23 of the Arkansas Constitution.

P. A. HOLLINGSWORTH, Justice, dissenting. I dissent from the majority opinion because this Court fails to

examine a practice that violates the sixth and fourteenth amendments to the federal Constitution. The defendant in this case is black and was convicted by an all white jury. Defense counsel in the course of jury selection objected to the prosecutor's use of the state's peremptory challenges. The state was accused of systematically excluding blacks from the jury. To permit a prosecutor to remove jurors solely on the ground of race on the theory that members of one race have a potential affinity with other members of that race is almost inevitably to allow the party identified with the majority to obtain a jury with affinity to that majority. Using this practice, the state can eliminate blacks from the jury while the black defendant is powerless to exclude white members since their number exceeds that of the peremptory challenges available. We look to other states to move forward in other areas of jurisprudence. See *Day* v. *Day*, 281 Ark. 261, 663 S.W.2d 719 (1984). But when it comes to anti-discrimination rules, we are reluctant to move into the twentieth century. I would follow Massachusetts and California and stop this abhorrent practice of excluding blacks from juries. See *Commonwealth* v. *Soares*, 377 Mass. 461, 387 N.E.2d 499 (1979); *People* v. *Wheeler*, 22 Cal. 3d 263, 148 Cal. Rptr. 890, 583 P. 2d 748 (1978).

PURTLE, J., joins in this dissent.