Dewayne WITHERS *v.* STATE of Arkansas

CR 91-226 825 S.W.2d 819

Supreme Court of Arkansas
Opinion delivered March 2, 1992

*James P. Clouette*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. On June 20, 1991, the appellant, Dewayne Withers, was convicted at a bench trial of possession of cocaine with intent to deliver and sentenced to life imprisonment as a habitual offender. The appellant had also been charged with possession of marijuana, but the circuit court merged that charge into the felony conviction at time of sentencing. The appellant now appeals his sentence on the basis that it was improperly enhanced due to lack of evidence of prior convictions and, further, that any conviction for possession of marijuana should be void. The points raised are without merit, and we affirm.

We turn first to the appellant's argument that he was improperly sentenced as a habitual offender. Withers was charged as a multiple offender with four or more felony convictions. Following the finding of guilt on the cocaine charge, this colloquy among the court, defense counsel, and the appellant ensued:

> THE COURT: The Court finds the defendant guilty. Priors?

> DEFENSE COUNSEL: More than four, your Honor.

> THE COURT: Mr. Withers, have you got four or more prior felony convictions?

> THE DEFENDANT: Yes, sir.

> THE COURT: Did you have an attorney in each of these?

> THE DEFENDANT: Yes, sir.

THE COURT: The Court finds he's a habitual offender with four or more.

DEFENSE COUNSEL: Judge, I know the Court's somewhat limited in its sentencing. That's one of the reasons — I knew what the testimony was going to be — I tried so strongly to advise Dewayne and his mother to take what I considered to be a very good offer, especially a Class Y. He is currently doing a twenty-five year sentence on a Y felony which he will have to do three-quarters of and flatten out. There will be no parole, as is whatever he gets on this one.

THE COURT: What's the range here?

DEFENSE COUNSEL: Forty to life.

PROSECUTOR: Forty to life, your Honor.

THE COURT: You want another forty or you want life consecutive?

PROSECUTOR: The State picks life, Judge. This is his third cocaine prior.

DEFENSE COUNSEL: Your Honor, on the twenty-five that he's doing, he's going to do somewhere around fourteen or so years. And he is a young — I mean he's only twenty-three. I know he's made a lot of mistakes. And I've represented him before a lot of times. And I have tried very hard to get him to plead guilty this time. I've never really had a problem with him before if he did it as far as being straight. But he has contended this one, whatever he gets he gets, but it wasn't his and he's just not going to take it.

I'd ask the Court to consider just giving him forty. That surely is going to take care of him long enough, Judge.

THE COURT: It's tempting. Forty would probably be less time than — I mean life would probably [be] less time than forty because if I gave him forty I'd stack it and it's another Class Y. If [I] give him life, it's life. He's going to be there until they commute it. So, they'll just run it concurrently with this. So, whenever they commute the life, that's what he's going to have to do. And he chose the lesser of two evils in my judgment but life is life.

This colloquy makes it patently clear that not only did the appellant fail to object to the circuit court's finding that he had four or more felony convictions, but he and his defense counsel also both admitted to the prior record, and his defense counsel then argued for leniency. Based on an earlier statement by the deputy prosecutor at trial, she was prepared to offer a pen pack as evidence of the appellant's record but understandably believed it to be unnecessary in light of these admissions. Moreover, during the appellant's case-in-chief, the appellant admitted on direct examination that he had a record and then testified to felony convictions for burglary, theft of property, possession of cocaine, felon in possession of a firearm, and a second possession of cocaine. We further note that, after the trial, the appellant filed a petition to reconsider his life sentence, but in that petition he did not contest the validity of the previous convictions.

We have long been resolute in holding that a contemporaneous objection is a prerequisite to our review except in very limited instances that do not apply to the case at bar. *See e.g., Smart* v. *State*, 297 Ark. 324, 761 S.W.2d 915 (1988); *Hughes* v. *State*, 295 Ark. 121, 746 S.W.2d 557 (1988); *Fretwell* v. *State*, 289 Ark. 91, 708 S.W.2d 630 (1986); *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980). Otherwise, this would give rise to a basic unfairness in that the trial court would be foreclosed from considering the point of error raised on appeal. We are not willing to reverse our oft-stated position on this issue, and we reiterate our endorsement of the contemporaneous objection rule yet again.

The appellant cites us to three rules for the proposition that contemporaneous objections are not required to preserve the issue for review where there is prejudice to the appellant:

> The Supreme Court need only review those matters briefed and argued by the appellant provided that where either a sentence for life imprisonment or death was imposed, the Supreme Court shall review the entire record for errors prejudicial to the right of the appellant.

Ark. R. Crim. P. 36.24.

> When the sentence is death or life imprisonment, the Court must review all errors prejudicial to the appellant.

Act 333 of 1971; Ark. Stat. Ann. § 43-2725 (Supp. 1973). To make that review possible the appellant must abstract all objections that were decided adversely to him in the trial court, together with such parts of the record as are needed for an understanding of the objection. The Attorney General will make certain that all objections have been so abstracted and will brief all points argued by the appellant and any other points that appear to him to involve prejudicial error.

Ark. Sup. Ct. R. 11(f) (in part).

Nothing in this rule precludes taking notice of errors affecting substantial rights although they were not brought to the attention of the court.

Ark. R. Evid. 103(d).

The appellant misreads these rules. None of them absolves the party at trial from making the appropriate objection as a prerequisite to our review, and we have so held. *See, e.g., Fretwell v. State, supra; Wicks v. State, supra.* Rule 11(f) of the Arkansas Supreme Court Rules and Rule 36.24 of the Arkansas Rules of Criminal Procedure both require review of the record for error in life and death cases, but this review presupposes that an objection was made at trial. And, as was noted by this court in *Wicks*, Ark. R. Evid. 103(d) at best is limited to evidentiary matters and in any case does not impose an affirmative duty on the appellate courts to review such matters for the first time on appeal. Again, there was no objection made by the appellant regarding his criminal record at trial.

■ For his second point, the appellant advances the argument that the circuit court's pronouncement concerning the misdemeanor charge for marijuana possession was error. The circuit court stated at sentencing that the marijuana charge "merges into the felony." Though it is somewhat unclear what the circuit court meant by this, the appellant did not object to the circuit court's ruling, and he is now foreclosed from raising the issue on appeal under the considerable authority adduced above. We further observe that since the conviction is not a matter of record and no sentence was meted out in connection with the charge, there is no prejudice shown by the appellant resulting

from the circuit court's ruling.

An examination of the record has been made in accordance with Ark. Sup. Ct. R. 11(f), and it has been determined that there were no rulings adverse to the appellant which constituted prejudicial error.

Affirmed.