## Lloyd EVANS *v.* STATE of Arkansas

CR 92-201                          836 S.W.2d 384

### Supreme Court of Arkansas
### Opinion delivered September 14, 1992

*The Cortinez Law Firm, P.A.*, by: *Robert R. Cortinez*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. The state originally charged appellant with rape, and two months prior to trial, amended its information to allege appellant a habitual offender under Ark. Code Ann. § 5-4-501(b) (1987). Appellant was found guilty of rape, and at a subsequent hearing on whether appellant's sentence should be enhanced, the jury sentenced him to 100 years in the Arkansas Department of Correction. On appeal, appellant argues that (1) he had not been properly charged as a habitual offender and (2) one of the convictions used by the state for enhancement purposes was pending on appeal and thus should not have been considered by the jury in its sentencing deliberations.

■ Regarding appellant's first argument, the record clearly reflects the appellee amended its information to allege appellant had been convicted or found guilty of four or more felonies, but his main contention seems to be that he had never been notified of the habitual offender charge. In reviewing the abstract, we conclude appellant raises this point for the first time on appeal; therefore, we will not address it. *Terry* v. *State*, 309 Ark. 64, 826 S.W.2d 817 (1992); *Porter* v. *State*, 308 Ark. 137,

823 S.W.2d 846 (1992). In fact, when the state offered certified copies of appellant's prior convictions, appellant's counsel acknowledged he knew of "no objections for the purposes of [their] being introduced."

We reach the same conclusion concerning appellant's second issue on appeal because he never presented that argument below. On appeal, the state responds to appellant's argument by citing *Birchett* v. *State*, 291 Ark. 379, 724 S.W.2d 492 (1987), where we held that prior convictions on appeal are properly admitted for the purposes of sentence enhancement. *See also Halfacre* v. *State*, 292 Ark. 331, 731 S.W.2d 179 (1987). Again, because appellant never objected to the introduction of his prior conviction which was pending on appeal, it is unnecessary to discuss the aforementioned principle of law, announced in *Birchett* and *Halfacre*, or to apply it to the facts presented here.

We affirm.