Larry FRIAR *v.* STATE of Arkansas

CR 92-1346                        854 S.W.2d 318

Supreme Court of Arkansas
Opinion delivered May 24, 1993

*W. Scott Davidson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant, Larry Friar (Friar), was convicted of delivery of a controlled substance, cocaine, after a bench trial in Craighead County Circuit Court and sentenced to forty-five years imprisonment. His sentenced was enhanced due to four previous convictions. We affirm.

Ruby "Touche" Gray (Gray) worked as a confidential informant in 1991 for the Arkansas State Police. On August 7, 1991 he had a meeting with law enforcement officers at Arkansas State Police Headquarters to arrange for a drug buy from Friar. Officer Danny Smith, Jr. testified that he searched Gray for drugs, money and weapons. Finding none, Smith wired Gray with a body mike so that the officers could overhear and record any conversations the information had with Friar.

Smith was to go with Gray on the drug buy. Officers Grigsby

and Thomas did visual surveillance, and Officers Bogard and Blankenship were doing visual and audio surveillance.

Smith and Gray drove to a house in which Friar was believed to reside, and Gray went up to the door. According to the tape of the conversation and Gray's testimony, Friar came to the door. Friar asked, "What you need?," to which Gray responded, "I need an eight ball." Friar stated that, "I ain't got that much. I'm not that strong. I can probably give you six. . .I will give you six for $100." Gray and Friar then agreed to meet and make the drug transaction a block up the street.

Gray returned to Smith's vehicle and told him what was about to occur. Smith then saw Gray walk about a block up the street. A red Ford Festiva pulled up beside Gray. Although Smith could not determine the identity of the car's occupant, he could see that the driver was a light-skinned, black male. The car tags on the Festiva proved that the car was owned by Friar's mother.

As Gray approached the car, the driver got out, went around to the trunk and gave Gray a brown paper bag containing six "rocks." Gray gave him $100, and Friar got back in the car and drove away.

Kim Brown, a drug chemist with the Arkansas Crime Lab examined the six "rocks" and determined that they weighed .93 grams and contained cocaine base and a small amount of benzocaine.

Friar testified that he did not sell the six "rocks" to Gray. He explained that although he did tell Gray that he would sell him the drugs, he claims that he did so only to make Gray go away from his house. Everyone knew that Gray was working as an informant, claimed Friar. To support his innocence, Friar claimed that he would never sell six "rocks" for $100, since the going rate was four for one hundred.

After hearing all of the evidence, the trial judge found Friar guilty of delivery of a controlled substance, cocaine. Since the State presented evidence of Friar's four previous convictions, the court found that Friar was an habitual criminal and sentenced him to forty-five years imprisonment. It is from that conviction that he appeals.

For his first argument on appeal, Friar claims that the trial court erred in denying his motion for directed verdict because the evidence was insufficient to support his conviction. We disagree.

A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Williams* v. *State*, 298 Ark. 484, 768 S.W.2d 539 (1989). The test for determining the sufficiency of the evidence is whether there is substantial evidence to support the verdict. *Ricketts* v. *State*, 292 Ark. 256, 729 S.W.2d 400 (1987). On appeal, this court reviews the evidence in the light most favorable to the appellee and sustains the conviction if there is any substantial evidence to support it. *Abdullah* v. *State*, 301 Ark. 235, 783 S.W.2d 58 (1990). Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Hodge* v. *State*, 303 Ark. 375, 797 S.W.2d 432 (1990); *Jones* v. *State*, 269 Ark. 119, 598 S.W.2d 748 (1980).

Friar claims that the evidence was insufficient, stressing that a convicted felon, Gray, is the only one who actually identified him as the person who sold drugs. Granted, none of the officers observing the drug transaction could actually see Friar in the car well enough to identify him, but the facts leading up to the drug buy are sufficiently incriminating.

First of all, four officers saw Gray go up to what they believed was Friar's house, at which time, an audio tape was made of the two discussing the sale off premises of six "rocks" for one hundred dollars. Officer Doug Thomas testified that he had known Friar for four years and Gray since the third grade, and he could easily distinguish their voices on the tape. He indicated that he had no doubt in his mind that it was Friar's voice on the tape.

After this recorded conversation transpired, a red Festiva, licensed to Friar's mother, pulls up to the spot to which Friar had told Gray to meet. Gray claims that Friar was the driver, but none of the policemen could actually see Friar. Anyway, a drug transaction took place; Gray walked up to a red Festiva, registered to Friar's mother, with $100 and no drugs and returned to Smith with drugs and no money.

The evidence, both direct and circumstantial, is more than sufficient to convict Friar. The law makes no distinction

between circumstantial and direct evidence. For circumstantial evidence to be sufficient, it must exclude every other hypothesis consistent with innocence. *Cigainero* v. *State*, 310 Ark. 504, 506, 837 S.W.2d 479 (1992).

For his final argument on appeal, Friar contends that the trial court erred in considering State's Exhibit Eight, evidence of his previous four convictions, when sentencing him as an habitual offender. Although this exhibit was not abstracted, we reach the merits of this argument as there is sufficient information as to its contents provided in the abstract and briefs of the parties.

Friar concedes that he voiced "no objection" to the introduction of Exhibit Eight into evidence even though a contemporaneous objection is a prerequisite to appellate review. *See Withers* v. *State*, 308 Ark. 507, 825 S.W.2d 819 (1992). Likewise, we hold that if an issue is not raised below, it will be waived on appeal. *Hickman* v. *Trust of Health, House and Boyles*, 310 Ark. 333, 835 S.W.2d 880 (1992); *Crow* v. *State*, 306 Ark. 411, 814 S.W.2d 909 (1991). Even constitutional arguments are waived on appeal unless raised below. *Tullock* v. *Eck*, 311 Ark. 564, 845 S.W.2d 517 (1993).

Further, in *Evans* v. *State*, 310 Ark. 397, 836 S.,W.2d 384 (1992), a somewhat similar case, the appellant contended that one of his convictions should not have been considered for habitual offender purposes because it was pending on appeal. We noted that since the appellant raised this point for the first time on appeal, the court would not address it at all. *Evans, supra.*

Nevertheless, Friar urges this court to consider his argument regardless of his failure to preserve it below, because it constitutes a trial error in which his "substantial rights" have been affected. In support of this argument, Friar cites A.R.E. 103(d) and *Addington* v. *State*, 2 Ark. App. 7, 616 S.W.2d 742 (1981). In *Addington*, the Arkansas Court of Appeals reversed a guilty verdict because the proof of prior convictions failed to indicate whether appellant had been represented by counsel. Relying on A.R.E. 103(d), the appeals court considered the argument without an objection below because it affected a substantial right of the party. In *Withers* v. *State*, 308 Ark. 507, 825 S.W.2d 819 (1992), while we did not make reference to *Addington*, we effectively overruled its holding by stating:

The appellant misreads these rules. None of them absolves the party at trial from making the appropriate objection as a prerequisite to our review, and we have so held. *See, e.g., Fretwell* v. *State, supra* [289 Ark. 91, 708 S.W.2d 630 (1986)]; *Wicks* v. *State, supra,* [270 Ark. 366, 606 S.W.2d 366 (1980)]. Rule 11(f) of the Arkansas Supreme Court Rules and Rule 36.24 of the Arkansas Rules of Criminal Procedure both require review of the record for error in life and death cases, but this review presupposes that an objection was made at trial. And, as was noted by this court in *Wicks*, Ark. R. Evid. 103(d) at best is limited to evidentiary matters and in any case does not impose an affirmative duty on the appellate courts to review such matters for the first time on appeal. Again, there was no objection made by the appellant regarding his criminal record at trial.

Accordingly, since Friar failed to make an objection to Exhibit Eight during the trial, he has waived this issue on appeal.

Affirmed.