Jerry Sam MACKEY *v.* STATE of Arkansas

CA CR 96-309 939 S.W.2d 851

Court of Appeals of Arkansas
Divisions III and II
Opinion delivered March 12, 1997

*William R. Simpson, Jr.*, Public Defender, by: *C. Joseph Cordi, Jr.*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

OLLY NEAL, Judge. After an August 14, 1995, bench trial, appellant Jerry Sam Mackey was found guilty of the offense of residential burglary in violation of Ark. Code Ann. § 5-39-201(a)(2) (Repl. 1993) and being an habitual offender under Ark. Code Ann. § 5-4-501 (Repl. 1995). Mr. Mackey now appeals from the September 12, 1995, judgment of the Pulaski County Circuit Court which reflected that he was sentenced as an habitual offender, pursuant to Ark. Code Ann. § 5-4-501. Mr. Mackey was sentenced to a 108-month term of imprisonment in the Arkansas Department of Correction. The evidence supporting appellant's conviction is not in dispute, and the sufficiency of the evidence to sustain the conviction is not challenged on appeal. Mr. Mackey challenges only his sentence on appeal, maintaining

that the State's evidence that he had been convicted of three prior felonies was insufficient to justify the court's decision to sentence him as an habitual offender.

The State, citing *Fellows v. State*, 309 Ark. 545, 828 S.W.2d 847 (1992), argues that appellant's sufficiency argument was not properly preserved for our review, and that as a result, we are precluded from addressing the merits of the issue on appeal. It is undisputed that appellant failed to object to the insufficiency of the evidence to prove his habitual status at trial.

The *Fellows* case is one of a line of cases following the supreme court's holding in *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980). In *Wicks*, an appeal from a jury verdict finding Wicks guilty of two counts of rape, the supreme court addressed two of Wicks's arguments, neither of which was supported by a contemporaneous objection at trial. In discussing the deficiency, the court first noted the general, well-established rule that failure to object to an alleged error at trial results in waiver of the argument on appeal. The court then noted four exclusive exceptions to the rule: 1) when the death penalty is sought by the State and the court fails to notify the jury of matters essential to consideration of the death penalty; 2) where the trial judge commits error of which defendant's counsel has no knowledge or opportunity to object; 3) possibly where the trial court is derelict in its duty to intervene without objection to correct a serious error by admonition or order of mistrial; and 4) possibly where the asserted error is one "affecting a substantial right."

We note from the outset that while *Wicks* and its progeny all were appeals from jury verdicts, the current appeal is from a bench trial; the procedural requirements are different. One such difference was clarified recently in *Strickland v. State*, 322 Ark. 312, 909 S.W.2d 318 (1995). The supreme court held in *Strickland* that at bench trials, no directed-verdict motion based on the sufficiency of the evidence need be made, as such would be "superfluous"; "the judge would only be directing his own verdict." The court stated:

> Our supposition in the *Igwe* case was that a Trial Court, sitting as a trier of fact, would be sufficiently aware of the evidence and the

elements of the crime that no such motion would be necessary, and that is why our rules do not require the motion to dismiss in non-jury-trial cases. We adhere to that supposition today.

*Id.* at 318.

 Because the supreme court has essentially relieved trial counsel of the duty to apprise the trial court of deficiencies in the evidence, including missing elements of proof, it has concomitantly placed the burden upon trial judges to "step in" and order dismissal or other appropriate remedy where the evidence is insufficient. Here the court should have directed the State to produce evidence beyond a reasonable doubt that appellant had been convicted of three prior felonies as such was an element of the allegations contained in the information.

 The argument has been made that appellant has misclassified his argument as one of the insufficiency of the evidence when it should really be countenanced as a challenge to an illegal sentence. That argument has no merit. First of all, our bifurcation system created two separate and distinct phases of a criminal trial: guilt and punishment. Here, the only evidence of appellant's priors was presented during the State's case in chief, in an attempt to prove the habitual element; no certification of priors was entered or discussed at sentencing. Secondly, while being an habitual offender is not a separate offense, it is an enhancement provision that requires specific elements of proof that the record does not reflect were introduced in this case. Both the information by which he was charged and the judgment and commitment order refer to appellant's habitual status under § 5-4-501, *not* § 16-90-803 (Supp. 1995). The only "proof" that appellant had prior convictions was the State's contention "we have certification of defendant's priors." Because a prosecutor's statements are not evidence, there is nothing in the record that justifies the court's finding that appellant should be sentenced as an habitual. *See Henry v. State,* 309 Ark. 1, 828 S.W.2d 346 (1992); *Walker v. State,* 304 Ark. 393, 803 S.W.2d 502 (1991). Although it was enacted at a later date, § 16-90-803 contains no repealing clause, and does not conflict with § 5-4-501; the range of sentencing is essentially the same under both statutes. Accordingly, the State has the option of alleging specific habitual status in the information or

simply charging the underlying offense. Under the grid, a convicted felon's criminal history is automatically considered and applied in compiling a sentence. The record here contains neither a copy nor the original presentence report and reflects that the State's only attempt to prove prior felony convictions was made during the *guilt phase* of trial. Accordingly, the State's failure to provide proof of appellant's priors during the sentencing phase requires reversal of the court's finding that appellant was an habitual offender, and remand for resentencing.

Reversed and remanded for resentencing.

ROBBINS, C.J., and STROUD and JENNINGS, JJ., agree.

ROGERS and PITTMAN, JJ., dissent.

JUDITH ROGERS, Judge, dissenting. The appellant in this case was found guilty in a bench trial of residential burglary. The trial court passed the case for sentencing, and after a subsequent hearing appellant was sentenced by the trial court to a term of 108 months in the Arkansas Department of Correction. In this appeal, appellant does not challenge his conviction. Instead, he claims error only with regard to the sentence he received, arguing that the trial court erred in concluding that a prior conviction for theft by receiving was a felony and not a misdemeanor conviction. I must respectfully dissent from this court's reversal on this point primarily because the majority erroneously concludes that this issue is preserved for appeal.

Although not fully understood by the majority, the trial court in this instance sentenced appellant, utilizing a presentence report, pursuant to the sentencing guidelines which are found at Ark. Code Ann. §§ 16-90-801—16-90-804 (Supp. 1995) and the sentencing grid adopted by the Arkansas Sentencing Commission. Arkansas Code Annotated § 16-90-803(a)(1) (Supp. 1995) provides in relevant part that:

> When a person charged with a felony . . . is found guilty in a trial before the judge . . . sentencing shall follow the procedures provided in this chapter.

Arkansas Code Annotated § 5-4-102 (Repl. 1993) provides:

(a) If punishment is fixed by the court, the court may order a presentence investigation before imposing sentence.

(d) Before imposing sentence, the court shall advise the defendant or his counsel of the factual contents and conclusions of any presentence investigation or psychiatric examination and afford fair opportunity, if the defendant so requests, to controvert them. Sources of Confidential information need not be disclosed.

At the sentencing hearing, the following discussion occurred among the court, defense counsel, and the prosecuting attorney concerning the information contained in the presentence investigative report and its application to presumptive standards and the grid:

Defense Counsel: The only mistake we really saw with the presentence is that Miss Byrd counted the misdemeanors that were more than ten years old. So, I think the State will agree with me that it should be three point two five as opposed to a four.

Prosecuting Attorney: I would have to agree with that, your Honor. He does have numerous misdemeanors but some of those were from, you know, the very late Sixties, mid-Seventies. Under the law, those cannot be counted against the sentencing grid.

Defense Counsel: So, that's going to make it, if you follow the grid, seriousness level six, score of three. Going to make it a hundred and eight months in the Arkansas Department of Correction. I surely understand Miss Wells and the neighborhood watch and their concern. All I'd ask is that it was a property crime, nothing actually taken. I believe a window was going to have to be replaced in the door. I don't believe the door was busted. I believe it was the window that was actually busted. No injuries to anyone. It did happen a year six months, year seven months ago. He has gotten some rehab treatment. I'd ask the court to depart down from the hundred and eight months.

The Court: The Court's going to stick to the grid. That's a hundred and eight months.

As is shown by this discussion, appellant failed to raise any objection to a theft by receiving conviction being considered by the court in any capacity. In fact, appellant's counsel himself agreed

that the presumptive sentence amounted to 108 months after excluding certain outdated misdemeanor convictions. Appellant was thus afforded the opportunity to controvert the information contained in the presentence report and should not now be heard to complain for the first time on appeal. *Noland v. State*, 265 Ark. 764, 580 S.W.2d 953 (1979); *see also Nash v. State*, 267 Ark. 870, 591 S.W.2d 670 (1979).

The majority, however, concludes that error can be found even in the absence of an appropriate objection in the trial court based on the supreme court's decision in *Strickland v. State*, 322 Ark. 312, 909 S.W.2d 318 (1995). In *Strickland*, the court made a distinction between the method of preserving the issue of the sufficiency of the evidence in bench and jury trials. The court held that, unlike a jury trial, it is not necessary to move for a directed verdict in a bench trial in order to challenge on appeal the sufficiency of the evidence "to convict." The majority in this case reasons that, because appellant was tried by the court, he is excused from the contemporaneous objection rule. The decision in *Strickland*, however, was based on the court's interpretation of Rule 36.21, now numbered as Rule 33.1, of the Rules of Criminal Procedure, which by its very terms applies only to the question of the sufficiency of the evidence during the guilt phase of trial. The issue in this case, of course, involves the sentencing phase of trial. Therefore, any reliance on the decision in *Strickland* is utterly and completely misplaced, and for this court to interpret Rule 33.1 so as to apply to the sentencing phase of trial is actually beyond this court's jurisdiction. Ark. R. Sup. Ct. 1-2(17)(vi). But more to the point, the supreme court has expressly held in two cases, both of which were appeals from bench trials, that a contemporaneous objection is required in order to preserve for appeal questions concerning evidence of prior convictions. *Friar v. State*, 313 Ark. 253, 854 S.W.2d 318 (1993); *Withers v. State*, 308 Ark. 507, 825 S.W.2d 819 (1992). In so holding, the court overruled our decision in *Addington v. State*, 2 Ark. App. 7, 616 S.W.2d 742 (1981), where we had determined that the absence of an objection was no impediment to our review of the issue. Here, this court falls into the same error as was made in *Addington*, despite clear precedent established by the supreme court.

Moreover, the presentence report is not included in the record, and thus this court cannot say with any degree of certainty that such a conviction was even utilized by the court in making its determination. It is well settled that the appellant bears the burden to bring up a record sufficient to demonstrate error. *Irvin v. State*, 28 Ark. App. 6, 771 S.W.2d 26 (1989).

Since appellant did not call this matter to the attention of the trial court and since there is nothing in this record to suggest that any error occurred, I cannot say that the trial court erred in calculating the appellant's sentence.

I am authorized to state that Judge Pittman joins in this dissent.