Jerry MACKEY *v*. STATE of Arkansas

CR 97-312                                                947 S.W.2d 359

Supreme Court of Arkansas
Opinion delivered June 23, 1997

William R. Simpson, Jr., Public Defender, by: C. Joseph Cordi, Jr., Deputy Public Defender, for appellant.

Winston Bryant, Att'y Gen., by: Brad Newman, Asst. Att'y Gen., for appellee.

RAY THORNTON, Justice. Appellant consented to a bench trial in the Pulaski County Circuit Court and was convicted of residential burglary. Pursuant to Ark. Code Ann. § 5-4-501 (Repl. 1993), the trial court found that appellant was an habitual offender with more than one but less than four previous felony convictions and sentenced him to 108 months' imprisonment.

Appellant sought review from the court of appeals where he did not challenge the sufficiency of the evidence to convict him; rather, he claimed that there was insufficient evidence to support the finding that he was an habitual offender and should receive an enhanced sentence. In a 4-2 opinion, the court of appeals reversed and remanded the case for resentencing, asserting that this court has ruled that a defendant is not required to make a contemporaneous objection of any kind to preserve any issue in cases where a bench trial is held. In its opinion, the court of appeals stated that the supreme court has, "essentially relieved trial counsel of the duty to apprise the trial court of deficiencies in the evidence, including missing elements of proof." Mackey v. State, 56 Ark. App. 164, 167, 939 S.W.2d 851 (1997).

In its petition for review, the State prays for supreme court review and contends the court of appeals has misinterpreted our rulings which are directly on point to this issue.

We conduct our review pursuant to Ark. Sup. Ct. R. 1-2(f) as though the case had originally been appealed to this court, and we conclude that the trial court's decision should be affirmed.

Initially, we note that this appeal does not include a challenge to the sufficiency of the evidence to sustain the conviction but only seeks to raise the issue whether the sentence imposed on the appellant as an habitual offender was supported by appropriate evidence that he had been convicted of multiple prior felonies as required for sentencing him as an habitual offender.

The court of appeals' majority opinion relied upon our decision in *Strickland v. State*, 322 Ark. 312, 909 S.W.2d 318 (1995), where we held that, at a bench trial, a motion for a directed verdict for insufficient evidence to sustain a conviction was not required to preserve the issue on appeal. Our rationale for this decision was that in a bench trial, such a contemporaneous motion was superfluous, since the trial judge was required to consider the sufficiency of the evidence in determining guilt.

By contrast, we have long held that a contemporaneous objection must be made to the trial court before we will review an alleged error on appeal. In *Wicks v. State*, 270 Ark. 781, 785, 606 S.W.2d 366, 369 (1980), we noted that "exceptions to the basic requirement of an objection in the trial court are so rare that they may be reviewed quickly." We then delineated four exceptions to the contemporaneous-objection rule, none of which are applicable here.

Our decision in *Strickland v. State, supra,* was limited to the issue whether, at a bench trial, a directed-verdict motion was required to preserve for appeal the issue of sufficiency of the evidence to support a determination of guilt and conviction. We do not depart from either of these rules by following *Withers v. State*, 308 Ark. 507, 825 S.W.2d 819 (1992), and specifically requiring that a contemporaneous objection is necessary to preserve the issue whether previous convictions should have been considered in the sentencing phase at a bench trial.

As pointed out by the dissent, there is a line of cases which are directly on point. We find that this case cannot be distinguished from the facts of *Withers v. State*, 308 Ark. 507, 825 S.W.2d 819 (1992). In *Withers*, this court ruled that an appellant convicted at a bench trial failed to make a contemporaneous objection to the trial court's finding that he had four or more

felony convictions, and that failure to object barred him from raising the issue on appeal. The *Withers* court also noted that not only did the appellant fail to object to the habitual-offender finding, but that both the appellant and his own counsel admitted to his prior record, with his attorney arguing for leniency. On direct examination, the appellant admitted he had a record and testified as to those crimes. *Withers*, 308 Ark. at 510, 825 S.W.2d at 820. The supreme court found that it was understandable for the State to believe, in light of these admissions, that it was unnecessary to introduce a pen pack into evidence. *Id.*

Factually, this case cannot be distinguished. In this case, the felony information charging appellant with residential burglary included a provision that appellant had been convicted of more than one but less than four felonies, thereby providing notice that appellant would be treated as a habitual offender. Appellant signed a Waiver of Jury Trial for this burglary felony. On that form, the words "felony" and "habitual" were circled and appellant was put on notice that he could receive a sentence ranging from five to thirty years in the state penitentiary. On direct examination during the guilt phase, *appellant's own attorney* questioned: "Mr. Mackey, you've got prior convictions for what? Theft by receiving and possession of drug paraphernalia?" Appellant responded, "Yes, sir." Later, on re-cross examination, appellant was asked if he got in trouble in 1990 and 1993 and whether he was currently on probation for the later offense. Appellant responded, "Yes, sir."

Before ending the guilt phase, the State clarified the exact prior felonies it would use for habitual status, and stated it had certification for case 93-1657A for possession of drug paraphernalia. When the court asked how appellant had pled for that case, *appellant's own attorney* conceded that he had also represented appellant on that previous case and appellant had pled guilty for that Class C felony. Continuing on the certification issue, the trial court inquired, "What else?" and the State said the other case was 90-72A which resulted in a bench trial on that theft by receiving charge, a Class C felony. No contemporaneous objection was made challenging the existence of these prior felonies.

During the sentencing phase, *appellant's attorney* began calculating his client's possible sentence and stated:

> The only mistake we really saw with the presentence is that Miss Byrd counted the misdemeanors that were more than ten years old. So, I think the State will agree with me that it should be three point two five as opposed to a four.

After the State agreed that this reduction was accurate, *appellant's attorney* continued to figure the appropriate sentence based on his client's habitual-offender information:

> So, that's going to make it, if you follow the grid, seriousness level six, score of three. Going to make it a hundred and eight months in the Arkansas Department of Correction. . .

Appellant's attorney requested that the court depart down from the hundred and eight months in prison based on the fact that he was convicted of a property crime, that there was not extensive property damage, that the appellant had obtained rehabilitation, and that no injuries occurred during the crime. The court denied the leniency plea and set sentence at the lowest setting on the sentencing grid.

As in *Withers*, not only did appellant fail to object to the habitual-offender finding, but both appellant and his own counsel admitted to his prior record, with his attorney arguing for leniency. While he did move for a directed verdict on the sufficiency of the evidence, appellant never questioned the habitual-offender status from the time the information was filed until appeal. In fact, appellant admitted the prior convictions, and he guided the trial court to the proper length of his own sentence of 108 months in prison.

The 1992 *Withers* case reiterated this court's endorsement of the contemporaneous-objection rule in bench trials, at least to the extent of showing habitual-offender status for sentencing purposes. In 1993, we cited *Withers* in *Friar v. State*, 313 Ark. 253, 854 S.W.2d 318 (1993), upholding the rule that a bench-trial contemporaneous objection must be made in order to challenge a judge's determination that multiple prior convictions existed which established the defendant's status as a habitual offender, and

that the issue is waived on appeal absent that objection. In *State v. Brummett*, 318 Ark. 220, 885 S.W.2d 8 (1994), another appeal from a bench-trial ruling, this court held that the purpose for the contemporaneous-objection rule is to give the trial court the opportunity to know the reasons for disagreement with its proposed action before or at the time that court makes its ruling. *Brummett*, 318 Ark. at 222.

It is clear that while we do not require a directed-verdict motion for sufficiency of the evidence during the guilt phase of a bench trial, we do require a bench-trial contemporaneous objection to challenge the existence of prior convictions to establish habitual-offender status for the purpose of sentencing. We hold appellant is procedurally barred from appealing this issue.

We affirm the trial court's decision.