Larry Dewayne JONES v. STATE of Arkansas

CA CR 02-1371                                    119 S.W.3d 70

Court of Appeals of Arkansas
Division III
Opinion delivered October 1, 2003

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Mike Beebe*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Judge. Following a bench trial, appellant Larry Dewayne Jones was convicted of two counts of second-degree battery. The State also introduced two prior convictions reflecting that Jones has previously been convicted of burglary and rape, and the trial court sentenced Jones as an habitual offender to twelve years' imprisonment on each count, with the sentences to be served consecutively. On appeal, Jones argues that the trial court imposed an illegal sentence because his two prior convictions arose out of the same incident, and pursuant to Ark. Code Ann. § 5-4-501(e)(1) (Repl. 1997), Jones asserts that these prior convictions should have been considered a single conviction for habitual sentencing purposes. We affirm because Jones failed to preserve this argument for appeal.

Because Jones challenges only the legality of his sentence rather than the sufficiency of the evidence supporting his convic-

tions for second-degree battery, a detailed recitation of the facts is unnecessary. Jones was charged on August 15, 2001, with two counts of second-degree battery, a Class D felony, for which the sentencing range is zero to six years' imprisonment. In addition, the information alleged that Jones was an habitual offender under Ark. Code Ann. § 5-4-501(a) (Repl. 1997), with more than one but less than four prior felony convictions.

After the bench trial, the trial court found Jones guilty of each count of second-degree battery. The State then sought to introduce evidence of Jones's habitual-offender status, and the following colloquy occurred:

> STATE: Your Honor, at this time, we'd move to—we'll mark it State's 6. Your Honor, move to introduce State's 6. It is an ADC pen-pack, and it reflects that the defendant has two prior felony convictions that resulted out of the same case. It's Case Number 87-1647 in Pulaski County Circuit Court. The defendant was represented by Ferdie Padilla and pled guilty to one count of burglary and one count of rape and received 18 years [in the] Arkansas Department of Correction.
>
> COURT: Any objection?
>
> DEFENSE COUNSEL: No objection, Your Honor.
>
> COURT: It is admitted.
>
> COURT: Anything further?
>
> STATE: None from the State.
>
> DEFENSE COUNSEL: No objection.

The trial court then noted that the enhanced sentencing range was zero to twelve years on each count and sentenced Jones as an habitual offender with more than one but less than four felony convictions to twelve years' imprisonment on each count, to be served consecutively for a total of twenty-four years' incarceration. This sentence is twice as long as the maximum sentence

that could have been imposed had Jones not been found to be an habitual offender. At no time did Jones object to the sentence imposed by the trial court.

Jones argues on appeal that his sentence is illegal because his two prior convictions for burglary and rape arose out of the same July 1987 incident, and pursuant to Ark. Code Ann. § 5-4-501(e)(1) (Repl. 1997)[1], Jones asserts that these prior convictions should have been considered a single conviction for habitual-offender sentencing purposes. Section 5-4-501(e)(1) states that "[f]or the purpose of determining whether a defendant has previously been convicted or found guilty of two (2) or more felonies, a conviction or finding of guilt of burglary and of the felony that was the object of the burglary shall be considered a single felony conviction or finding of guilt."

Jones contends that an examination of the State's proof of his judgments of conviction for the rape and burglary shows that both offenses arose out of a single incident that took place on July 11, 1987. Jones argues that the burden is on the State to show that the attending felony was not the object of the burglary, *see Ellis v. State*, 270 Ark. 243, 603 S.W.2d 891 (1980), and because the State failed to offer proof that the rape was not the object of the burglary, Jones contends that he had only one prior felony conviction pursuant to section 5-4-501(e)(1). Jones thus asserts that he was illegally sentenced as an habitual offender, as there is no statutory authority for sentencing a defendant with one prior felony conviction as an habitual offender.

The State contends that Jones's argument is not preserved for appellate review because he failed to object to his habitual-offender status at trial. Jones acknowledges that there was no objection made to the trial court, but because he is alleging that the sentence imposed in this case is illegal, he asserts that this court may address his argument. This court views an allegation of a void or illegal sentence similarly to a problem of subject-matter jurisdiction, in that it reviews such allegations whether or not an

---

[1] This statute was amended by Act 1553 of 2001, which became effective on August 13, 2001. See Op. Att'y Gen. # 2001-138. Because Jones committed the offenses of second-degree battery in June 2001, before the effective date of the amendment, the 1997 version of the statute applies to this case. *See State v. Rodriques*, 319 Ark. 366, 891 S.W.2d 63 (1995). However, the amendments did not materially change the subsection at issue in this case.

objection was made in the trial court. *Ashe v. State*, 57 Ark. App. 99, 942 S.W.2d 267 (1997). A sentence is "void" or "illegal" when the trial court lacks authority to impose it. *Mayes v. State*, 351 Ark. 26, 89 S.W.3d 926 (2002). An "illegal sentence" has also been described as a sentence that is illegal on its face. *Ashe v. State, supra.*

The State argues that Jones's sentence is not illegal on its face, because a sentence of twelve years' imprisonment on each count is within the permissible statutory range for a defendant who has been convicted of two felonies. *See* Ark. Code Ann. § 5-4-501(a)(2)(E) (Repl. 1997). Instead, the State contends that Jones is challenging the sufficiency of the evidence supporting the trial court's finding that he is an habitual offender with two prior convictions, which must be argued in the trial court in order to preserve the issue for appeal. A review of other cases addressing the habitual- offender statute supports the State's argument in this regard.

In *Mackey v. State*, 329 Ark. 229, 947 S.W.2d 359 (1997), the defendant claimed that there was insufficient evidence to support the finding that he was an habitual offender because the State did not introduce proof of the prior convictions into evidence. The defendant did, however, admit to his prior record in his testimony. *Id.* The defendant did not object to the trial court's finding that he was an habitual offender at any time during the trial. *Id.* The supreme court overturned this court's decision and held that a contemporaneous objection is required to challenge the existence of prior convictions to establish habitual-offender status for the purpose of sentencing. *Id.*; *see also Friar v. State*, 313 Ark. 253, 854 S.W.2d 318 (1993) (holding that defendant waived argument as to evidence of his prior convictions for habitual-offender purposes by not objecting below, despite defendant's argument that his substantial rights had been affected); *Withers v. State*, 308 Ark. 507, 825 S.W.2d 819 (1992) (finding that defendant's argument that there was a lack of evidence as to his prior convictions because the State failed to introduce a pen-pack was not preserved for review where no objection was made to the trial court). The court in *Mackey, supra*, stated that "the purpose for the contemporaneous-objection rule is to give the trial court the opportunity to know the reasons for disagreement with its proposed action before or at the time the court makes its ruling." *Id.* at 234, 947 S.W.2d at 362.

■ Also, in *Shockley v. State*, 282 Ark. 281, 668 S.W.2d 22 (1984), a case dealing with the same subsection of the habitual-offender statute as in the present case, the defendant argued that the habitual-offender statute in effect at the time was unconstitutional because it allowed the trial court to instruct the jury as to the number of prior convictions. The supreme court disagreed with the defendant's argument, but also noted that the trial court had erroneously instructed the jury that the defendant had three prior convictions when the statute provided that the defendant's burglary and the object of the burglary, the battery conviction, should only be counted as one conviction. *Id.* However, because the defendant did not object to the erroneous instruction, the court found that any consideration of that issue on appeal was precluded. *Id.*

■ Jones argues that both *Mackey* and *Shockley* are distinguishable from this case and are not binding precedents. For example, he asserts that *Shockley* involved jury instructions, whereas he was sentenced by the court, and that the issue of whether a violation of section 5-4-501(e)(1) resulted in a void or illegal sentence was not present in that case. Jones also contends that *Mackey* is distinguishable because it does not involve an allegation of an illegal sentence based on a violation of section 5-4-501(e)(1). While neither of these cases involves the precise issue before this court in this case, both of these cases are strongly analogous, and Jones has cited no persuasive authority that the contemporaneous objection rule should not apply here. In fact, the supreme court has found that, even where the defendant argues that one of the prior convictions was not shown to be a felony, the defendant must have objected in the trial court to preserve the issue for appeal. *Jones v. State*, 270 Ark. 328, 605 S.W.2d 7 (1980). Also, where the defendant challenges whether a prior conviction was properly used to enhance his sentence because the proof of the conviction does not show that he was represented by counsel, the supreme court has held that this issue must first be raised in the trial court. *Byrum v. State*, 318 Ark. 87, 884 S.W.2d 248 (1994); *McDonald v. State*, 284 Ark. 201, 680 S.W.2d 703 (1984).

■ Based on the previously cited authority, Jones's contention that this court may address his argument on appeal because it involves an illegal sentence, rather than the sufficiency of the evidence supporting the trial court's finding that he is an habitual

offender, is without merit. We hold that Jones's argument is not preserved for appellate review because he failed to object to the proof of his habitual-offender status during his sentencing. Jones may, however, still seek postconviction relief from his sentence.

Affirmed.

HART and CRABTREE, JJ., agree.