

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–13–836

| | | |
|---|---|---|
| DONNIE SLATER | | **OPINION DELIVERED** FEBRUARY 18, 2015 |
| | APPELLANT | APPEAL FROM THE ARKANSAS COUNTY CIRCUIT COURT [NO. CR–2012–75] |
| V. | | |
| | | HONORABLE DAVID G. HENRY, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

**ROBERT J. GLADWIN, Chief Judge**

Counsel for appellant Donnie Slater originally filed a no-merit brief in this action, and appellant filed pro se points for reversal. Pursuant to this court's opinion, *see Slater v. State*, 2014 Ark. App. 603, appellant's counsel filed a substituted brief arguing that the sentencing in his convictions of delivery of a controlled substance and unlawful use of a communication device, for which he was sentenced as a habitual offender,[1] was illegal. We affirm.[2]

Appellant was convicted of delivery of a controlled substance with the use of a communication device; and an enhancement for conducting the transaction within 1000 feet

---

[1]His sentence for the delivery conviction was enhanced by another ten years because the offense was committed within 1000 yards of a day-care facility.

[2]Appellant filed a motion on February 2, 2015, requesting he be allowed to file a new substituted brief to argue an additional issue regarding the legality of a sentence when an enhancement is utilized on someone sentenced as a habitual offender. Because appellant failed to preserve this issue for our review, *see infra*, we deny appellant's motion.

of a daycare.[3] He was sentenced pursuant to a sentencing order filed on April 3, 2013, to twenty years in the Arkansas Department of Correction (ADC) for the delivery conviction, ten years on the use of communication device charge, and an additional ten years on the enhancement, for a total of forty years in the ADC. Appellant filed a timely notice of appeal on April 5, 2013.

The State has the burden of proving a defendant's prior convictions. *Ray v. State*, 2009 Ark. 521, 357 S.W.3d 872. "Unless the records of prior convictions show that the defendant was represented by counsel, there is a presumption that the defendant was denied assistance of counsel, and the convictions cannot be used to enhance punishment under our habitual offender provisions." *Bradley v. State*, 320 Ark. 100, 109, 896 S.W.2d 425, 430 (1995); *Stewart v. State*, 300 Ark. 147, 148, 777 S.W.2d 844, 845 (1989).

In the present case, appellant was convicted of delivery of less than two grams of cocaine and sentenced as a habitual offender to twenty years in the ADC.[4] Delivery of less than two grams of cocaine is a Class C felony. Ark. Code Ann. §5-64-422(b)(1) (Supp. 2013). Normally, a Class C felony has a penalty range of three to ten years in the ADC. Ark. Code Ann. §5-4-401(a)(4) (Repl. 2013). The State, however, charged appellant as a habitual offender who had been convicted of at least four prior felonies. Moreover, the circuit court instructed the jury that appellant had been convicted of more than four felonies.

---

[3]He was originally charged with two counts of delivery of a controlled substance and use of a communication device, but the jury acquitted him of one count of each charge.

[4]Mr. Slater's sentence on the use of a communication device was not alleged to be illegal and is not a part of this argument.

SLIP OPINION

For a habitual offender, the sentencing range on a Class C felony is increased to three to thirty years. Ark. Code Ann. §5-4-501(b)(1)(A) (Repl. 2013). Appellant claims that the State's proof was insufficient and the twenty-year sentence was illegal.

Following the guilty verdict, the State presented evidence of appellant's prior felonies. Without objection from defense counsel, the State read to the jury the case number of each conviction, the court in which the conviction was had, and the sentence appellant received in those prior cases. The State did not introduce any evidence of the convictions, judgments, docket sheets, or pen-packs from the ADC. The State did not provide evidence that appellant had been represented by counsel in any of those prior convictions. After the recitation of convictions, the circuit court instructed the jury, and appellant was sentenced. Because the record in this case is completely silent on the question of whether appellant was represented by counsel, appellant argues that the State failed to meet its burden to provide adequate evidence of his prior convictions and the resulting sentence of twenty years should be reversed and the case remanded for a new sentencing hearing.

Appellant contends that the fact that he did not object to the State's failure to provide sufficient proof of his prior convictions does not bar this court from addressing the issue because it is well-settled that an appellant may raise the issue of an illegal sentence for the first time on appeal. *Cross v. State*, 2009 Ark. 597, 357 S.W.3d 895. We disagree. Appellant cannot challenge the prior convictions used for enhancement purposes for the first time on appeal. *Davidson v. State*, 358 Ark. 452, 193 S.W.3d 254 (2004); *Rice v. State*, 2011 Ark. App. 656. His attempt to circumvent that rule by alleging that his sentence is illegal and that he can raise that issue for the first time on appeal is without merit.

In *Jones v. State*, 83 Ark. App. 195, 119 S.W.3d 70 (2003), the appellant argued that his sentence, which was enhanced because he had two prior felony convictions, was illegal because the two convictions arose from the same incident and that, pursuant to Arkansas Code Annotated section 5-4-501(e)(1)(Repl. 1997), they should have been considered a single conviction for habitual-offender sentencing purposes. *Jones*, at 198, 119 S.W.3d at 72. This court held that an appellant sentenced as an habitual offender could not successfully challenge his sentence as illegal on appeal but that, instead, the issue of whether an habitual offender sentence was properly imposed must first be raised at the circuit court. *Id*. The *Jones* court cited earlier authority holding that, where a defendant challenges whether a prior conviction was properly used to enhance his sentence because the proof of the conviction does not show that he was represented by counsel, the issue must first be raised in the trial court. *Id*. (citing *Byrum v. State*, 318 Ark. 87, 884 S.W.2d 248 (1994); and *McDonald v. State*, 284 Ark. 201, 680 S.W.2d 703 (1984)).

We hold that appellant's sentence is legal because it was within the permissible statutory range for a defendant convicted of a Class C felony who had four or more prior felony convictions. Ark. Code Ann. § 5-4-501(a)(2)(D); *Jones*, *supra*. Appellant's argument that the State did not properly prove his prior convictions, specifically, that the State did not prove that he was represented by counsel in each of those convictions, is not preserved for appellate review because it was not previously raised. *Jones*, *supra*. Accordingly, we affirm.

Affirmed.
KINARD and BROWN, JJ., agree.
*Law Office of Jeffrey Weber, PLLC*, by: *Jeffrey Weber*, for appellant.
*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

4